AO 91 (Rev. 02/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
District of Delaware

| | |
|---|---|
| United States of America<br>v.<br>Michael James A. MUNFORD<br><br>*Defendant* | )<br>)<br>) Case No. 17-249M<br>)<br>) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date of __10/15/2017__ in the county of __New Castle__ in the _____ District of __Delaware__, the defendant violated __18__ U.S.C. § __922(a)(6)__, an offense described as follows:

the defendant, on or about October 15, 2017, in connection with the acquisition of a firearm from a licensed firearms dealer, did make a false statement intended to deceive the dealer with respect to a fact material to the sale, that is, defendant MUNFORD stated that he was the purchaser, when, in fact, he well knew that he was straw purchasing the firearm for another person.

This criminal complaint is based on these facts:

see attached affidavit

☑ Continued on the attached sheet.

_____
*Complainant's signature*

SA James Reisch, ATF
*Printed name and title*

Sworn to before me and signed in my presence.

Date: __December 18, 2017__

_____
*Judge's signature*

City and state: __Wilmington, DE__

Honorable Sherry R. Fallon
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF
## A CRIMINAL COMPLAINT AND ARREST WARRANT

I, James Reisch, being duly sworn, assert that the following information is true to the best of my knowledge, information, and belief:

## INTRODUCTION AND AGENT BACKGROUND

1. I am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") and have been so employed since May of 2015. I am currently assigned to the Wilmington, Delaware Field Office within the Baltimore Field Division. I am a graduate of the Federal Law Enforcement Training Center's Basic Criminal Investigator Program and the ATF's Special Agent Basic Training Program. Prior to your Affiant's employment with ATF, your Affiant was a sworn law enforcement officer with the Virginia Department of State Police for ten (10) years. Your affiant spent four (4) years assigned to the Bureau of Criminal Investigation, General Investigation Section, Violent Crime Unit. This assignment as well as your Affiant's previous six (6) years as a uniformed Virginia State Police Trooper afforded your Affiant the opportunity to investigate and/or arrest and prosecute hundreds of individuals, for violent crimes, white collar crimes, cyber, threats of death or bodily harm against persons, and numerous other criminal offenses in violation of the Code of Virginia and the United States Code. During that time, your Affiant attended schools on homicide, child abduction, child death investigation, serial killers, criminal profiling, statement analysis, interview and interrogation, hostage negotiation and crime scene forensics. Your affiant attended these schools through courses offered by The Virginia State Police, The Virginia Department of Forensic Science, The Virginia Department of Corrections, The Federal Bureau of Investigation, The Delaware State Police Homicide Unit and The International Association of Homicide Investigators; of which your

Affiant is a member. Your Affiant has been called to testify in United States District Court and multiple jurisdictions across the Commonwealth of Virginia involving the aforementioned violations of law. Your Affiant has participated in the preparation and execution of numerous arrest and search warrants for criminal offenses involving violations of the criminal code of Virginia, as well as United States Code.

2. Your Affiant is a forensic crime scene technician and a graduate of the 85th Session of the Virginia Department of Forensic Science Academy, a Crisis Negotiator and Police Shooting Investigator.

3. Your Affiant has experience in the investigation and prosecution of firearms related cases.

4. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

5. Based on the facts set forth in this affidavit, there is probable cause to believe that violations of Title 18 United States Code §922(a)(6), which prohibits material false statements to federally licensed firearms dealers, have been committed by Michael James Alvin MUNFORD ("MUNFORD").

### FACTS SUPPORTING PROBABLE CAUSE

6. Your affiant has reviewed relevant documents, including ATF Forms 4473, and video surveillance in the possession of Cabela's, a Federally Licensed Firearms Dealer ("FFL") located at the Christina Mall in Newark, Delaware. From this review, your affiant learned that on October 14, 2017, MUNFORD entered Cabela's in the presence of two (2) other subjects.

2

MUNFORD effected the purchase of a Taurus PT738, .380 caliber pistol, bearing serial number: 1D061572 ("the first pistol").

7. On October 15, 2017, MUNFORD again entered Cabela's, this time in the presence of one (1) of same subjects as the day prior. MUNFORD effected the purchase of a Taurus PT111 Millenium G2, 9mm caliber pistol, bearing serial number: TKT88759 ("the second pistol").

8. Your affiant knows through training and experience that Taurus firearms are not manufactured in the District of Delaware and therefore moved in and effected Interstate Commerce.

9. On November 16, 2017, your affiant interviewed MUNFORD at his residence. During the interview, MUNFORD confessed that the purchase of the second pistol was directed by another person ("the associate"). MUNFORD specifically identified the associate by name. (Your affiant knows the associate is a prohibited person and may not lawfully possess a firearm by virtue of four (4) felony convictions in the State of Delaware, New Castle County Superior Court, dated May 15, 2014. The associate has another felony conviction in the State of New Jersey, Burlington County Superior Court, dated September 16, 2016.) MUNFORD detailed the following: He met with the associate prior to travelling to Cabela's and the associate requested that MUNFORD purchase the October 15 firearm, the second pistol, for him. The associate represented to MUNFORD and others that he, the associate, is a member of the United Blood Nation, G-Shine Bloods ("G-SHINE"). (G-Shine Bloods is recognized by the United States Department of Justice as a criminal street gang.) The associate enticed MUNFORD and another subject with the illusion that they would become G-SHINE members. The purchases of firearms conducted on October 14, 2017, and October 15, 2017, were for "the gang," even though he, MUNFORD, maintained possession of the first pistol. When he departed Cabela's after

3

purchasing the second pistol, he went directly to the associate's residence and gave him the firearm. He had not seen the second pistol since October 15, 2017, when he provided it to the associate. (Your affiant knows that the second pistol has not been recovered by law enforcement officers.)

10. Various rules and regulations, promulgated under the authority of Chapter 44, Title 18, United States Code, govern the manner in which FFLs are permitted to sell firearms and ammunition. The rules and regulations governing FFLs require that a person seeking to purchase a firearm fill out a Firearms Transaction Record ("ATF Form 4473"). ATF Form 4473 requires that the prospective firearm purchaser certify that all his or her answers provided on the ATF Form 4473 are true and correct.

11. ATF Form 4473 also requires the prospective firearm purchaser to answer a series of questions about the purchase, and, in particular, asks for the address of the purchaser. The form also asks the following: "Are you the actual transferee/buyer of the firearm(s) listed on this form? Warning: You are not the actual buyer if you are acquiring the firearm(s) on behalf of another person." ATF Form 4473 also contains a warning that falsely answering yes to the above question and thus falsely claiming to be the actual transferee/buyer of the firearm is a crime punishable as a felony.

12. MUNFORD filled out ATF Form 4473s for the firearms purchases identified above as the first pistol and the second pistol. On each ATF Form 4473s completed for the over-the-counter sale of those firearms, MUNFORD answered the question referenced above affirmatively, thereby stating that he was the "actual transferee/buyer of the firearm(s)." MUNFORD confessed in his November 16, 2017, interview with your affiant that when he indicated that he was the actual transferee/buyer of the firearm on October 15, 2017, that was incorrect. He further indicated that

4

his signature as it appeared on the ATF Form 4473 was a knowing falsification of information on the prior page.

13.   The information entered on ATF Form 4473 is material to the sale of firearms by FFLs. As such, each FFL is required to maintain records, in the form of completed ATF Forms 4473, of the identity of the actual transferee/buyer of all firearms sold by the FFL.

14.   Accordingly, there is probable cause that MUNFORD violate Title 18 United States Code §922(a)(6), which prohibits material false statements to federally licensed firearms dealers.

Respectfully submitted,

_____
James Reisch
Special Agent
Bureau of Alcohol, Tobacco,
Firearms and Explosives

Subscribed and sworn to before me

on December 18, 2017

_____
Honorable Sherry R. Fallon
United States Magistrate Judge